## Moore v. Commonwealth.

(Decided Sept. 26, 1933.)

LEEBERN ALLEN and F. T. ALLEN for appellant.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

Appellant, John Moore, was convicted of the crime of grand larceny, and his punishment fixed at confinement in the state penitentiary for a period of one year. He urges, as grounds for reversal of the judgment, that the trial court erred in overruling his motion for a peremptory instruction and in permitting the commonwealth to introduce incompetent evidence.

The prosecuting witness, Casper Cable, testified that about the 1st of December, 1931, some one entered his barn and carried away three automobile tires, three tubes, and two automobile wheels, and that the stolen property was worth more than $20. He did not know the identity of the thieves. He procured a search warrant, and the premises of the appellant were searched. The premises of Press Moore, father of the appellant, were also searched, but none of the stolen articles were found.

Corbett Chambers, an ex-convict, testified that he assisted appellant and two or three others in carrying some tires and tubes into appellants home some time during the autumn of 1931, but he was unable to say that these tires and tubes were the ones stolen from Cable, or were even similar to them. This was sub-

stantially all the evidence introduced by the commonwealth.

The Attorney General frankly concedes that the evidence was insufficient to authorize the submission of the case to the jury, and in this view we concur. The court also erred in permitting the commonwealth to introduce evidence relative to other crimes committed by appellant, but, in view of our conclusion that appellant's motion for a peremptory instruction should have been sustained, it is unnecessary to discuss this error.

The judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.